# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

_____

| | |
|---|---|
| NADIR MAHMOOD, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | )   **Civil Action No.** |
| v. | )   **09-40103-FDS** |
| | ) |
| | ) |
| JANET NAPOLITANO, MICHAEL | ) |
| AYTES, and GERARD HEINAUER, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

_____

## ORDER ON DEFENDANTS' MOTION TO DISMISS

**SAYLOR, J.**

Invoking the Administrative Procedure Act, *see* 5 U.S.C. § 702, plaintiff Nadir Mahmood seeks review of a United States Citizenship and Immigration Service decision denying his employment-based immigrant visa petition (Form I-140).[1]  Defendants have moved to dismiss the complaint for failure to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  Plaintiff has not filed an opposition.

Under the APA, a plaintiff may seek judicial review of an adverse administrative action. *See* 5 U.S.C. § 702.  However, only "final agency actions" are subject to judicial review.  *Id.* § 704.  Although they initially denied plaintiff's Form I-140 petition, defendants state that they have voluntarily reopened the proceeding to allow plaintiff the opportunity to supplement his arguments.  (Defs.' Mem. at 6).  Plaintiff does not contend otherwise.  That being the case, there

_____

[1] Plaintiff Khalid Naseem previously voluntarily dismissed his complaint in its entirety.  (*See* Docket No. 10).

is no final agency action for this Court to review.  The complaint, therefore, fails state a claim

upon which relief can be granted.  *See Rhode Island Dep't of Envtl. Mgmt. v. United States*, 304

F.3d 31, 40 (1st Cir. 2002) (explaining that the absence of a final agency action generally

precludes a party from stating a claim for relief).

     Defendants' motion to dismiss (Docket No. 6) is therefore GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  March 10, 2010